# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF PUERTO RICO

**MARTA M. VELAZQUEZ,**

**Plaintiff,**

**v.**                                         **Civil No. 13-1278 (GAG)**

**SCHINDLER CORPORATION OF**

**PUERTO RICO,**

**Defendant.**

## OPINION AND ORDER

Plaintiff Marta Velazquez ("Plaintiff") bring this action against Schindler Corporation of Puerto Rico ("Schindler" or "Defendant") for injuries suffered when she fell from an escalator at the Luis Munoz Marin International Airport in San Juan, Puerto Rico on September 20, 2009.  (See Docket No. 1.)  Plaintiff claims the escalator was improperly maintained by Defendant.  (See id.) Plaintiff filed her complaint on April 5, 2013.  Defendant moved to dismiss on July 5, 2013 (Docket No. 15), which Plaintiff opposed (Docket No. 18).  After reviewing these submissions and the pertinent law, the court **DENIES without prejudice** Defendant's motion to dismiss at Docket No. 15.

**I.      Standard of Review**

"The general rules of pleading require a short and plain statement of the claim showing that the pleader is entitled to relief."  Gargano v. Liberty Intern. Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009) (citations omitted) (internal quotation marks omitted).  "This short and plain statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under Rule 12(b)(6), a defendant may move to dismiss an action against him for failure to state a claim upon which relief can be granted.  See FED. R. CIV. P. 12(b)(6).  To survive a Rule

**Civil No. 13-1278 (GAG)**                    2

12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  The court must decide whether the complaint alleges enough facts to "raise a right to relief above the speculative level." Id. at 555.  In so doing, the court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Parker v. Hurley, 514 F.3d 87, 90 (1st Cir. 2008).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' -'that the pleader is entitled to relief.'" Iqbal, 556 U.S. 662, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

## II.    Factual and Procedural Background

Upon arriving at the airport, Plaintiff proceeded towards the Customs and Border Patrol checkpoint. (See Docket No. 1 ¶ 6.)  To proceed from the first to the second floor, Plaintiff took an escalator.  (See id. ¶ 7.)  Whilst riding on the escalator, it suddenly jerked and reversed direction, causing Plaintiff to be thrown to the ground.  (See id. ¶ 10.)  This fall caused Plaintiff physical injuries.  (See id. ¶ 13.)

Plaintiff filed suit against American Airlines in the federal district court of the Virgin Islands on September 7, 2010.  (See Docket No. 18-1.)  That case resulted in a stipulation of dismissal on September 22, 2012.  (See id.)  On July 14, 2012, during discovery in that case, Plaintiff learned that Schindler was the company in charge of maintaining the escalator that caused her injuries.  After the stipulation in the previous case, Plaintiff brought the present suit against Schindler.

## III.    Discussion

The parties agree Puerto Rico's one-year statute of limitations for tort actions applies to this case.  P.R. LAWS ANN. tit. 31, § 5298.  Two aspects of this law are relevant to this analysis.  First, the start of the prescriptive period when the plaintiff is not immediately aware of the identity of the alleged tortfeasor, and; second, whether Plaintiff reasonably delayed her investigation to ascertain

Civil No. 13-1278 (GAG)                     3

the identity of the alleged tortfeasor. Essentially, to survive Defendant's motion to dismiss, the court

must find Plaintiff's injury did not accrue prior to April 5, 2012.

### A.     Accrual of Plaintiff's Claim

"For accrual purposes, the injured person must have both notice of her injury and knowledge

of the likely identity of the tortfeasor." Espada v. Lugo, 312 F.3d 1, 3 (1st Cir. 2002) (citing Tokyo

Marine & Fire Ins. Co. v. Perez & Cia., De Puerto Rico, Inc., 142 F.3d 1, 3 (1st Cir.1998)).  Plaintiff

had  notice of her injury on September 20, 2009, the date she was injured.  (See Docket No. 1 ¶ 5.)

It is disputed whether Plaintiff knew or should have known Schindler's identity prior to July

14, 2012.  (See Docket No. 1 ¶ 8.)    "In cases where a tort claim is filed beyond the one-year

statutory term, plaintiff bears the burden of proving timeliness by establishing that she lacked the

necessary knowledge or imputed knowledge before instituting the action."  Espada, 312 F.3d at 4

(citing Torres v. E.I. Dupont De Nemours & Co., 219 F.3d 13, 19 (1st Cir. 2001)).  A plaintiff is

required to perform due diligence to ascertain the identity of an alleged tortfeasor.  See Espada, 312

F.3d at 4.  Due diligence requires a plaintiff to be active in performing reasonable efforts to ascertain

the identity of the tortfeasor.  See Quintana Lopez v. Liggett Group, Inc., 336 F. Supp. 2d 153, 157

(D.P.R. 2004).  "It is known that under Puerto Rico law, 'due diligence does not mean waiting for

answers to fall from the sky, but rather requires reasonable, active efforts to seek answers and clarify

doubts.'" Id. (quoting Alicano Ayala v. Philip Morris, Inc., 263 F. Supp. 2d 311, 317 (D.P.R. 2003)).

In applying Puerto Rico law, the First Circuit stated "[I]t is unfair, by and large, to bar a tort

action by the mere passage of time if a plaintiff, exercising due diligence, cannot ascertain the

tortfeasor's identity."  Fragoso v. Lopez, 991 F.2d 878, 886 (1st Cir. 1993).  Without knowledge as

to the identity of the tortfeasor, the plaintiff will be unable to institute the action.  See Garcia Colon

v. Garcia Rinaldi, 340 F. Supp. 2d 113, 122 (D.P.R. 2004).  "The key inquiry under this prong of

the knowledge requirement is whether plaintiff knew or with the degree of diligence required by law

would have known whom to sue."  Kaiser v. Armstrong World Indus., Inc., 872 F.2d 512, 516 (1st

Cir. 1989) (internal citation omitted) (internal quotation marks omitted).  Therefore, the court

**Civil No. 13-1278 (GAG)**                    4

employs a review of Plaintiff's actions to determine if they were objectively reasonable.

In circumstances similar to the present case, the district court allowed an amended complaint outside the limitations period to include an additional defendant in <u>Bocanegra-Acevedo v. Toyota Motor Sales USA, Inc.</u>, Civil No. 07-1893 (JP), 2009 WL 1098084, at * 2-3 (D.P.R. Apr. 23, 2009). While the original suit was filed within the time period, the amended complaint targeting an additional defendant was not.  <u>See</u> <u>id.</u>  The plaintiffs originally sued a related corporation, partly based on a misrepresentation from an employee, but later amended the complaint having received knowledge of the actual tortfeasor.  <u>See</u> <u>id.</u>  Further, even though it was possible for the plaintiffs to ascertain the identity of the actual torfeasor by searching the records of the Puerto Rico state department, the plaintiffs' claims were not be time-barred for failing to do so.  <u>See</u> <u>id.</u>  However, in <u>Estate of Castro Martinez v. Philip Morris Inc.</u>, the court found a wait of more than four years to bring suit for smoking related health conditions unreasonable because due diligence would have informed the plaintiffs of numerous suits filed by state governments years prior to the plaintiffs' suit. No. Civil .No. 02–2171(HL), 2004 WL 870677, at *3 (D.P.R. Mar. 30, 2004).  Finally, in <u>Fragoso</u>, the court dismissed the plaintiff's claims because the delay was not credibly explained.  991 F.2d at 887 (allowing summary judgment when plaintiff provided no credible basis for expiration of prescriptive period).

The facts here demonstrate that Plaintiff did not sit on her rights.  Plaintiff, having knowledge of her injury, sued American Airlines, the party she thought was responsible for maintaining the escalator.  (<u>See</u> Docket No. 18-1.)  This claim was brought within the one-year limitations period.  (<u>See</u> <u>id.</u>)  Plaintiff also points out the duration of the previous case and the delays encountered therein as reasons for her delay in acquiring the identity of Schindler.  (<u>See</u> <u>id.</u>) Through the discovery process, Plaintiff learned the identity of Schindler on July 14, 2012.  (<u>See</u> Docket No. 1 ¶ 8.)  Thus, Plaintiff reasonably sought out the responsible party.  Through her diligent efforts, she learned the identity of the tortfeasor and brought suit within the one-year limitations period by filing the present suit on April 5, 2013.  (<u>See</u> Docket No. 1.)

**Civil No. 13-1278 (GAG)**                          5

Further, Plaintiff also alleges she was lead to believe that American Airlines was the entity in charge of maintaining the escalator. "[D]uring the litigation against American Airlines and based on the information provided in the discovery, plaintiff was led to believe that it was in fact American Airlines the entity that was in charge of said escalator." (Docket No. 18 at 5-6.)  The allegation that Schindler's identity was withheld or not promptly offered is similar to the case of Bocanegra-Acevedo, where the plaintiff's suit was timely.  2009 WL 1098084, at * 2-3 (D.P.R. Apr. 23, 2009).  The court agrees with the holding in Bocanegra-Acevedo, especially as the parties have not undertaken discovery and the allegations of the complaint must be read as true.

In arriving at the conclusion that Plaintiff's suit is timely, the court notes Plaintiff need not take all possible steps to ascertain the identity of Schindler.  Plaintiff need only act as a reasonable person in her position to determine the identity of the tortfeasor.  Therefore, the court finds Plaintiff met her burden and acted reasonably in attempting to resolve her claim.  Defendant's motion to dismiss for violation of the statute of limitations is **DENIED without prejudice**.  The court allows Defendants the opportunity to renew this motion, if during discovery Defendants obtain additional evidence demonstrating Plaintiff learned of Schindler's identity prior to July 14, 2012.

**B.    Judicial Estoppel**

Alternatively, Defendant seeks dismissal on judicial estoppel grounds.  Judicial estoppel is an equity doctrine that bars a party from taking a particular position in a legal position that is contrary to a position previously held in a previous legal proceeding.  See Guay v. Burack, 677 F.3d 10, 16 (1st Cir. 2012).  Basically, when a party succeeds by asserting a particular legal position, that same party cannot subsequently change positions simply because its interests have changed.  See id. This doctrine is primarily applied to ensure the integrity of the judicial system.  See id.  However, a major consideration in applying this doctrine is whether the party attempting to assert a new legal position will derive an unfair advantage from the change.  See Knowlton v. Shaw, 704 F.3d 1, 10 (1st Cir. 2013).  While no rigid test exists, estoppel is appropriate when the party's position is inconsistent, the initial position was accepted by a court, and the party will derive an unfair advantage from the shift in position.  See id. (citing New Hampshire v. Maine, 532 U.S. 742, 750

**Civil No. 13-1278 (GAG)**                                        6

(2001); <u>Perry v. Blum</u>, 629 F.3d 1, 8 (1st Cir. 2010); <u>Alt. Sys. Concepts, Inc. v. Synopsys, Inc.</u>, 374 F.3d 23, 30 (1st Cir. 2004)).

Here, Defendant asserts that Plaintiff has previously litigated her claims against American Airlines and reached a settlement. (<u>See</u> Docket No. 15 at 9.) Defendant does not provide the court with any evidence on which to evaluate this argument. No party provided the court with a copy of the previous complaint or any of the documents submitted to that court. Only the docket sheet has been provided, which is insufficient for the court to rule on this matter. Therefore, the court **DENIES without prejudice** Defendant's motion to dismiss under the judicial estoppel doctrine. Once discovery is complete, Defendant may renew this argument with sufficient supporting materials to allow the court to analyze Plaintiff's position in the initial case and how that contradicts the rights Plaintiff asserts in this case.

**IV.    Conclusion**

For the reasons set forth above, the court **DENIES without prejudice** Defendant's motion to dismiss for violation of the statute of limitations and **DENIES without prejudice** Defendant's motion to dismiss pursuant to the judicial estoppel doctrine.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of September, 2013.

*s/ Gustavo A. Gelpí*

GUSTAVO A. GELPI
United States District Judge